UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BAY RIDGE MECHANICAL CORP.,

                          Plaintiff,

                  -v-

JPK DRAFTING & DESIGN LLC,

                         Defendant.

16-CV-4666 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

Plaintiff Bay Ridge Mechanical Corp. ("Bay Ridge") filed the initial complaint in this action against JPK Drafting & Design LLC ("JPK") on June 20, 2016, and an amended complaint on July 20, 2016. (Dkt. No. 1; Dkt. No. 7.) JPK moves pursuant to Federal Rule of Civil Procedure 12(b)(3) to dismiss for lack of venue. For the reasons that follow, the motion is granted and the case is transferred to the Eastern District of Pennsylvania.

**I.     Background**

The following facts are taken from the complaint, except where otherwise noted, and are presumed true for the purposes of this motion. In 2012, Bay Ridge retained JPK in connection with a construction project located at 35 West 15th Street, New York, New York. (Dkt. No. 7 ¶ 12.) Bay Ridge and JPK entered into an agreement whereby JPK agreed to prepare contract drawings, shop drawings, and final drawings for the plumbing, heating, and ventilation work that Bay Ridge was to perform. (*Id.*) Bay Ridge alleges that in 2013, JPK ceased performing its work and failed to provide the final drawings. (*Id.* ¶ 15.) At this point, JPK had performed work whose value totaled $113,988; and Bay Ridge had paid JPK $121,424—such that Bay Ridge overpaid JPK by $7,436. (*Id.* ¶ 22-24.)

1

Nowhere in the complaint does Bay Ridge allege that JPK was located in New York, visited New York, or performed any of the work under the contract in New York. And in an affidavit in support of JPK's motion to dismiss, JPK's principal avers that JPK is based in Pennsylvania, that all of the relevant drawings were prepared in Pennsylvania, and that JPK did not perform any work under the contract in New York. (Dkt. No. 9 at 2.)

## II.     Discussion

"[I]n deciding a motion to dismiss for improper venue, the 'court may examine facts outside the complaint to determine whether venue is proper. The Court must draw all reasonable inferences and resolve all factual conflicts in favor of plaintiff.'" *Pablo Star Ltd. v. Welsh Gov't*, 170 F. Supp. 3d 597, 609 (S.D.N.Y. 2016) (quoting *Concesionaria DHM, S.A. v. Int'l Fin. Corp.*, 307 F. Supp. 2d 553, 555 (S.D.N.Y. 2004) (internal quotation marks omitted)).

JPK argues that venue is improper in the Southern District of New York under 28 U.S.C. § 1391(b)(2), which provides for venue in any "district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." "In applying this test to contract claims, courts 'consider a number of factors, including where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred.'" *Largotta v. Banner Promotions, Inc.*, 356 F. Supp. 2d 388, 390 (S.D.N.Y. 2005) (quoting *PI, Inc. v. Quality Prods., Inc.*, 907 F. Supp. 752, 757-58 (S.D.N.Y. 1995)). *See generally* 14D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3806 (4th ed. 2016). Venue may be proper in multiple districts. *See Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005); *Viera v. Basf Catalysts LLC*, No. 15 Civ. 3952, 2015 WL 9302836, at *4 (S.D.N.Y. Dec. 21, 2015).

Here, the contract was neither negotiated nor executed in New York. (Even though Bay Ridge was located in New York, its presence is alone insufficient to support venue. *See, e.g.*,

*Fisher v. Int'l Student Exch., Inc.*, 38 F. Supp. 3d 276, 285 (E.D.N.Y. 2014) (finding venue in New York improper even where Defendant's corporate headquarters were in New York).) All of JPK's work under the contract, namely, the production of the drawings, was performed in Pennsylvania. (Dkt. No. 9 at 2.) And JPK's alleged breach, namely, ceasing to produce the drawings, occurred in Pennsylvania. (*Id.*) Bay Ridge nowhere alleges that JPK or any of its employees were ever located in New York, which in any event might not be enough to support venue. *See, e.g., I.M.D. USA, Inc. v. Shalit*, 92 F. Supp. 2d 315, 317 (S.D.N.Y. 2000) (finding venue improper even though Defendant had visited New York in connection with the business relationship at issue).

The mere fact that Bay Ridge intended to use the drawings for the improvement of a property in New York is simply not enough to constitute a "substantial part" of the transaction at issue here. 28 U.S.C. § 1391(a). And despite Bay Ridge's claim that the "property that is the subject of the action" is 35 West 15th Street, which is in New York (Dkt. No. 10 at 3), that property is only the subject of the drawings, which are the true subject of this action. A contrary finding might require the Court to find venue proper in New York for any dispute over a product depicting the Empire State Building. *Cf. Adelson v. Harris*, 973 F. Supp. 2d 467, 479 (S.D.N.Y. 2013) ("The suggestion that a statement about a presidential contestant particularly affects the District of Columbia is somewhat akin to an argument that a copyright lawsuit about the film *Philadelphia* should apply Pennsylvania law, even though the screenwriter and filmmakers lived in New York City and Los Angeles.").

JPK asks that this action be dismissed, or in the alternative, transferred to the Eastern District of Pennsylvania. (Dkt. No. 11 at 3.) The Court has power to transfer the case to any district where it could have been properly brought if it is in the interest of justice. 28 U.S.C. §§ 1404, 1406; *see Zepherin v. Greyhound Lines Inc.*, 415 F. Supp. 2d 409, 411 (S.D.N.Y. 2006)

(listing the factors courts should consider in determining whether a transfer is justified).  Here, JPK confirms that the individuals involved in producing the drawings under the contract are located in Pennsylvania and performed their work in Pennsylvania.  Considering the facts against the relevant factors, the Court finds a transfer to be justified in the interest of justice.

### III.    Conclusion

For the foregoing reasons, Plaintiff's motion to dismiss for improper venue and request to transfer is GRANTED.

The Clerk of Court is directed to transfer this case to the Eastern District of Pennsylvania and to close the motion at Docket Number 8.

SO ORDERED.

Dated: January 4, 2017
       New York, New York

_____
J. PAUL OETKEN
United States District Judge